UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANIT WELLS and ROBERT WELLS,<br><br>              Plaintiffs,<br><br>    v.<br><br>COLUMBIA VALLEY COMMUNITY HEALTH, and the United States of America,<br><br>              Defendants. | NO. CV-05-0009-EFS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On August 23, 2006, the Court held a telephonic hearing in the above-captioned matter. Appearing at the hearing were Louis Rukavina on behalf of Plaintiffs Anit and Robert Wells, and Assistant United States Attorney Frank Wilson on behalf of Defendants. During the hearing, the Court heard argument on Plaintiffs' Motion for Summary Judgment re: The Reasonableness and Necessity of Plaintiff's Medical Treatment and Bills ("Motion for Partial Summary Judgment"). (Ct. Rec. 45.) This Order serves to memorialize and supplement the Court's oral ruling.

///
///
///
///
///

ORDER ~ 1

## I. Background[1]

Plaintiffs filed suit against Defendants on January 13, 2005, under theories of negligence and loss of consortium arising from the allegedly deficient medical care of Plaintiff Anit Wells in February and March of 2002. (Ct. Rec. 1.)

Plaintiffs were to designate and serve their experts' Federal Rule of Civil Procedure 26 (a)(2)(B) reports on Defendants no later than April 4, 2006. *Id.* at 2. As part of Plaintiffs' initial disclosures, Dr. von Preyss-Friedman's initial case analysis, dated November 17, 2003, was provided to Defendants. (Ct. Rec. 25.) Plaintiffs supplemented this analysis on March 27, 2006. *Id.* Both reports contain opinions related to four sets of medical records and Dr. von Preyss-Friedman's diagnostic impression. (Ct. Rec 25 Ex. A & B.)

On May 1, 2006, Plaintiffs, prior to Defendants' deposition of Dr. von Pryess-Friedman, sent a letter to Defendants, which provided notice that Dr. von Preyss-Friedman would testify regarding the issue of the reasonableness and necessity of medical treatment and bills incurred by Plaintiff Anit Wells. (Ct. Rec. 54-2 Ex. A at 3.) On May 9, 2006, Defendants deposed Dr. von Preyss-Friedman. (Ct. Rec. 52-3, Ex B.) During the May 9, 2006 deposition, Defendants did not question Dr. von

---

[1] In ruling on a motion for summary judgment, the Court considers the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1972) (*per curiam*). The following factual recitation was created with this standard in mind.

ORDER ~ 2

Pryess-Friedman regarding her opinion on the reasonableness and necessity of Plaintiff Anit Wells' medical treatment and bills. (Ct. Rec. 53 at 2.)

On June 29, 2006, Plaintiffs filed their Motion for Partial Summary Judgment, in which they moved the Court for an order granting summary judgment in their favor on the issue of whether Plaintiff Anit Wells' medical treatment and bills were reasonable and necessary.

## II. Summary Judgment Standard

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.*  There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial"

ORDER ~ 3

or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III. Analysis

**A. Plaintiffs' Motion for Partial Summary Judgment**

It is undisputed that Plaintiff Anit Wells had significant pre-existing medical conditions that necessitated continuing medical care when Defendants' alleged medical negligence occurred. The Court concludes that these significant pre-existing medical conditions create a genuine issue of material fact regarding whether the treatment and expenses incurred after the alleged negligence were necessary *because of* the alleged medical negligence. For this reason, Plaintiffs' Motion for Partial Summary Judgment is denied.

**B. Issues Raised by Defendants**

Defendants assert that Plaintiffs should be prohibited from eliciting expert opinions from Dr. von Preyss-Friedman regarding the reasonableness and necessary of Plaintiff Anit Wells' medical treatment and bills and whether such treatment and bills were *caused by* Defendants' negligence. Defendants believe these opinions should be prohibited because the opinions were not included in Dr. von Preyss-Fiedman's Rule

ORDER ~ 4

26(a)(2)(B) report or her initial analysis of the case. The Court disagrees. On May 1, 2006, Plaintiffs provided Defendants with notice that Dr. von Preyss-Friedman would testify regarding the reasonableness and necessity for the claimed medical bills. Shortly thereafter, Defendants deposed Dr. von Preyss-Friedman without inquiring about the opinions referred to in the May 1, 2006 letter, or without continuing the deposition until receipt of a formal supplementation of Dr. von Pryess-Friedman's Rule 26(a)(2)(B) report. In addition, Defendants did not demand a formal supplementation until after Plaintiffs had filed their Motion for Partial Summary Judgment. Consequently, Defendants' request for an order prohibiting the testimony of Dr. von Preyss-Friedman from providing her opinion on the reasonableness and necessity of Plaintiff Anit Wells' medical treatment and bills is denied.

Defendants' failure to question Dr. von-Preyss-Friedman on the issue of reasonableness and necessity, despite having notice and opportunity to do so, could be construed as a waiver by Defendants to depose Dr. von Preyss-Friedman on this issue. Nevertheless, in order to remove any hint of prejudice to Defendants, the Court will permit Defendants to conduct a second deposition of Dr. von Preyss-Friedman on the opinions referenced in Dr. von Preyss-Friedman's declaration regarding the reasonableness and necessity for the medical bills. (Ct. Rec. 48.) The deposition may be performed by telephone, but must occur no later than **September 22, 2006.** The Court construes Dr. von Preyss-Friedman's declaration and attachments submitted in support of Plaintiffs' Motion for Partial Summary Judgment as a supplementation Dr. von Pryess-Fieldman's Rule 26(a)(2)(B) report. (Ct. Rec. 48) **No later than August 30, 2006,** counsel for Plaintiffs will provide counsel for Defendants with Dr. von Preyss-Friedman's available

ORDER ~ 5

deposition dates. If Defendants believe there are too few dates provided, it may seek further relief by motion as needed.

Defendants' additional request for Plaintiff to cover the costs of Dr. von Preyss-Friedman's second deposition is denied. Defendants had the opportunity examine Dr. von Pryess-Friedman on above-referenced subjects during the first deposition but did not do so.

Accordingly, **IT IS ORDERED:** Plaintiffs' Motion for Partial Summary Judgment **(Ct. Rec. 45)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 25th day of August, 2006.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2005\0009.Wells.MSJ.frm

ORDER ~ 6